UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEITH O. HEDMAN and ADRIALYN V. HEDMAN,<br><br>       Plaintiffs,<br><br>  v.<br><br>AURORA LOAN SERVICES, et al.,<br><br>       Defendants. | No. 2:10-cv-01229-MCE-KJN<br><br><br><br>MEMORANDUM AND ORDER |

Plaintiffs Keith and Adrialyn Hedman ("Plaintiffs") seek redress from Defendants Aurora Loan Services, Quality Loan Service, and CMG Mortgage, Inc. ("Defendants") based on alleged violations of the Fair Credit Reporting Act (the "FCRA") and the Fair Debt Collection Practices Act (the "FDCPA"), among other state causes of action.

///
///
///
///

1

Presently before the Court are two separate Motions by Defendants Aurora Loan Services ("Aurora") and CMG Mortgage, Inc. ("CMG") to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motions to Dismiss are granted.[2]

## BACKGROUND[3]

This action stems from a residential mortgage loan on Plaintiffs' property located in the City of Mountain House, San Joaquin County, California.  In 2004, Plaintiffs entered into a mortgage loan for the home with Defendant CMG.  At some point after Plaintiffs financed their mortgage, CMG assigned this loan to Aurora.[4]

Beginning in March 2008, Plaintiffs attempted to modify the terms of their loan with Aurora.  Aurora initially denied their application and request to modify the loan, though later approved a trial loan modification, whereupon Plaintiffs made timely payments according to the terms of the trial modification.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

[4] A second loan, also originated by CMG, is attached to Plaintiffs' property, but is maintained by Wells Fargo and is not at issue in the instant case.

1    Despite adhering to the trial loan modification payment
2 schedule, and before the trial period was over, Aurora sent a
3 letter to Plaintiffs explaining that they did not qualify for a
4 permanent mortgage modification because Plaintiffs had failed to
5 verify their income.  During this time, Aurora also made several
6 harassing phone calls to Plaintiffs and placed notices on their
7 front door demanding payment.  Despite their attempts to
8 cooperate with Aurora, Notices of Default were recorded against
9 Plaintiffs' property on March 11 and March 30, 2010.
10   Defendant CMG contends that they sold Plaintiffs' loan to
11 Aurora on June 21, 2004.  (CMG Mot. To Dismiss, EF No. 6, at 2.)
12 After that time, CMG had no further relationship with the loan or
13 Plaintiffs.  (Id.)  Defendant Aurora initiated nonjudicial
14 foreclosure on Plaintiffs' property as a result of their default
15 on the loan.  (Aurora Mot. To Dismiss, ECF No. 8-1, at 1.)
16 However, foreclosure stopped, and the Notice of Default on the
17 property was rescinded on April 20, 2010.  (Id.)  On May 19,
18 2010, Plaintiffs filed the present lawsuit against Defendants.

## STANDARD

22   On a motion to dismiss for failure to state a claim under
23 Rule 12(b)(6), all allegations of material fact must be accepted
24 as true and construed in the light most favorable to the
25 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
26 337-38 (9th Cir. 1996).
27 ///
28 ///

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

4

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

Plaintiffs allege several violations of state and federal law and requests for relief. However, the issue before the Court is not the substance of these various claims, but whether Plaintiffs have plead enough facts on their federal claims as a general matter, for any to stand. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

///
///
///

5

**A.   FDCPA Claims**

Plaintiffs assert that all named Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (2010), by (1) repeatedly contacting them through mail after Plaintiffs notified Aurora that they "were not liable for any debt related to the fraudulent mortgage payment demands," and (2) using unfair or unconscionable means to collect debts, "the natural consequences of which was to harass, oppress or abuse" Plaintiffs.  (Compl. ¶ 103(b)-(f).)

The FDCPA, by and large, regulates debt collectors. 15 U.S.C. §§ 1692(e)-(f).  The term "debt collector" is defined as "any person who uses any instrumentality...in any business the principal purpose of which is the collection of any debts." Id. § 1692(a)(6)(a).  The definition excludes any person who collects debt "to the extent such activity...(i)concerns a debt which was originated by such person; or (ii) concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692(a)(6)(f).  As a result, the FDCPA does not extend to cover the "consumer's creditors, a mortgage servicing company, or any asignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).  Here, Plaintiffs fail to provide any substantive facts demonstrating that either CMG or Aurora engage in activity that meets the definition of "debt collection" under the statute.

///

Moreover, it is well established in the Eastern District of California that a mortgage servicer is not considered a "debt collector," and foreclosure proceedings are not considered debt collections under the FDCPA. See Angulo v. Countrywide Home Loans, Inc., 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009) ("[C]reditors, mortgagors and mortgage service companies are not debt collectors and are statutorily exempt from liability under the FDCPA."); Miller v. Wells Fargo Home Mortg., 2010 WL 3431802 at *7 (E.D. Cal. Aug. 31, 2010) ("The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of debt."). Therefore, as a loan servicer, neither CMG nor Aurora can be held liable under the FDCPA.

Accordingly, Defendants' Motions to Dismiss Plaintiffs' FDCPA claim is granted.

**B.   FCRA Claims**

Plaintiffs argue that all named Defendants violated various sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (2010), by maintaining "false statements in their records," and failing to "conduct meaningful investigations as to the" falsity of the information subsequently inserted into Plaintiffs' credit profiles. (Compl. ¶ 87-90.)[5]

///

---

[5] Specifically, Plaintiffs allege violations of 15 U.S.C. §§ 1681b(a), 1681e(b), 1681g, 1681i, 1681n, and 1681o.

7

As a consequence of Defendants' conduct, "false credit reports have been issued by the major consumer reporting agencies," causing emotional, physical and financial distress. (Id. at ¶ 94, 98-99.)

The FCRA was enacted to ensure the accuracy and fairness of credit reporting. 15 U.S.C. § 1681(a). Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit." Id. § 1681(b). A "consumer reporting agency" is defined as "any person which, for monetary fees... regularly engages in...the practice of assembling or evaluating consumer credit information." Id. § 1681a(f). The majority of the FCRA rules Plaintiffs allege that Defendants violated impose requirements upon consumer reporting agencies, rather than mortgage loan servicers or lending companies who *report to* such agencies.[6] Thus, liability is "limited to consumer reporting agencies or users of information furnished by consumer reporting agencies....Parties who do no more than furnish information to a credit reporting agency are not covered by the federal act." Myles v. General Motors Acceptance Corp., 1998 WL 299958 at *4-5 (E.D. La. June 4, 1998).

///
///
///

---

[6] For example, section 1681e(b) enumerates the circumstances under which consumer reporting agencies may furnish or publish an individual's consumer report. No duties are imposed on entities that disclose information to consumer reporting agencies, as Plaintiffs allege in their Complaint. (See Compl. ¶ 91).

See also Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985) (holding that furnishing information to a credit reporting agency is not enough to constitute a violation of the FCRA); Mitchell v. First Nat'l. Bank of Dozier, 505 F. Supp. 176, 177 (M.D. Ala. Jan. 19, 1981) ("Parties who do no more than furnish" pertinent information to a credit reporting agency "are simply not covered by" the FCRA).

Plaintiffs also allege Defendants violated 15 U.S.C. §§ 1681n and 1681o, which are civil liability statutes for wilful or negligent noncompliance with the statute.  A consumer can seek damages from "any person" who fails to comply.  15 U.S.C. §§ 1681n, 1681o.

Plaintiffs have not alleged any material facts that suggest that any of the Defendants, let alone CMG or Aurora, are consumer reporting agencies subject to the FCRA.  Plaintiffs have not demonstrated that Defendants evaluate and compile consumer credit information for monetary fees and have articulated little more than a recitation of the statutory requirements.  Also, Plaintiffs have insufficiently pleaded that CMG or Aurora wilfully or negligently violated any portion of the FCRA.  There are not enough facts to state that a claim for relief is plausible.  Therefore, Plaintiffs have not provided sufficient information to hold CMG or Aurora liable under the FCRA.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' FCRA claim is granted.

///
///
///

### C. Plaintiff's Remaining Causes of Action

With Plaintiffs' federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action. The Court need not address the merits of either Defendants' Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

### CONCLUSION

The Court is sympathetic to Plaintiffs' position. However, as a matter of law, and for the reasons set forth above, both Defendants CMG and Aurora's Motions to Dismiss Plaintiffs' Complaint (ECF Nos. 6 & 8, respectively) are GRANTED with leave to amend. Plaintiffs have not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: September 24, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10