UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KEITH O. HEDMAN and
ADRIALYN V. HEDMAN,

       Plaintiffs,

  v.

AURORA LOAN SERVICES et al.,

       Defendants.

No. 2:10-cv-01229-MCE-KJN

MEMORANDUM AND ORDER

Plaintiffs Keith and Adrialyn Hedman ("Plaintiffs") seek redress from Defendants Aurora Loan Services, Quality Loan Service, and CMG Mortgage, Inc. ("Defendants") based on alleged violations of the Truth In Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act (the "FDCPA"), among other state causes of action.

///
///
///
///

1

Presently before the Court are two separate Motions by Defendants Aurora Loan Services ("Aurora") and CMG Mortgage, Inc. ("CMG") to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motions to Dismiss are both granted.[2]

## BACKGROUND[3]

This action stems from a residential mortgage loan on Plaintiffs' real property located in the city of Mountain House, San Joaquin County, California.  In 2004, Plaintiffs entered into a mortgage loan for the home with Defendant CMG.  At some point after Plaintiffs financed their mortgage, CMG assigned this loan to Aurora.[4]

///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.

[4] A second loan, also originated by CMG, is attached to Plaintiffs' property, but is maintained by Wells Fargo and is not at issue in the instant case.

1 Beginning in March 2008, Plaintiffs attempted to modify the
2 terms of their loan with Aurora. Aurora initially denied their
3 application and request to modify the loan, though later approved
4 a trial loan modification, whereupon Plaintiffs made timely
5 payments according to the terms of the trial modification.

6 Despite adhering to the trial loan modification payment
7 schedule, and before the trial period was over, Aurora sent a
8 letter to Plaintiffs explaining that they did not qualify for a
9 permanent mortgage modification because Plaintiffs had failed to
10 verify their income. During this time, Aurora also made several
11 harassing phone calls to Plaintiffs and placed notices on their
12 front door demanding payment. Despite their attempts to
13 cooperate with Aurora, Notices of Default were recorded against
14 Plaintiffs' property on March 11 and March 30, 2010. Plaintiffs
15 do not assert the property was ever foreclosed upon, as the
16 default notices were later rescinded. Defendant CMG contends
17 that they sold Plaintiffs' loan to Aurora in 2004 and had no
18 further relationship with the loan or Plaintiffs.[5] (CMG Mot. To
19 Dismiss, ECF No. 25, at 3.)
20 ///
21 ///
22 ///
23 ///
24 ///

---

26 [5] The Court acknowledges Defendant CMG's argument that they
should be dismissed from the action since they assigned
27 Plaintiffs' loan to Aurora. However, in light of facts most
favorable to Plaintiffs, the Court will assess the merits of
28 Plaintiffs' claims as to all moving Defendants.

3

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (<u>quoting</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegation must be enough to raise a right to relief above the speculative level." <u>Id.</u> (<u>citing</u> 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///
///
///
///

4

1    Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
2 blanket assertion, of entitlement to relief.  Without some
3 factual allegation in the complaint, it is hard to see how a
4 claimant could satisfy the requirements of providing...grounds on
5 which the claim rests."  Twombly, 550 U.S. at 555 n.3 (internal
6 citations omitted).  A pleading must then contain "only enough
7 facts to state a claim to relief that is plausible on its face."
8 Id. at 570.  If the "plaintiffs...have not nudged their claims
9 across the line from conceivable to plausible, their complaint
10 must be dismissed."  Id.
11    Once the court grants a motion to dismiss, they must then
12 decide whether to grant a plaintiff leave to amend.  Rule 15(a)
13 authorizes the court to freely grant leave to amend when there is
14 no "undue delay, bad faith, or dilatory motive on the part of the
15 movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
16 leave to amend is generally only denied when it is clear that the
17 deficiencies of the complaint cannot possibly be cured by an
18 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
19 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
20 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
21 not be dismissed under Rule 12(b)(6) unless it appears beyond
22 doubt that the plaintiff can prove no set of facts in support of
23 his claim which would entitle him to relief.") (internal
24 citations omitted).
25 ///
26 ///
27 ///
28 ///

5

**ANALYSIS**

Plaintiffs allege several violations of state and federal law and requests for relief.  However, the issue before the Court is not the substance of these various claims, but whether Plaintiffs have plead enough facts on their federal claims as a general matter, for any to stand.  While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory.  See supra.

**A. TILA**

Plaintiffs state that 15 U.S.C. § 1666 is part of the Fair Credit Reporting Act, however, the statute is actually a part of TILA.  The statute imposes obligations upon creditors to give written notice of billing errors.  See 15 U.S.C. § 1666(a).

For a plaintiff to collect civil damages from a defendant who failed to provide notices or disclosures mandated by TILA, the statute of limitations requires a plaintiff to file suit within one year from the "date of occurrence" of the alleged violation.  15 U.S.C. § 1640(e).  The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan.  See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

///

///

6

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms.  15 U.S.C. § 1635(f)(3).  If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed.  15 U.S.C. § 1635(f).

In the instant case, Plaintiffs are time-barred from asserting civil damages under 15 U.S.C. § 1640, as the date of occurrence (the date of refinancing) was more than one year from the date the case was filed.  Any relief sought under 15 U.S.C. § 1635 similarly does not stand, as the section does not apply "to a transaction which constitutes a refinancing or consolidation of the principal balance...secured by an interest in the same property."  15 U.S.C. § 1635(e)(2).  Taking the facts in the light most favorable to Plaintiffs, their claims under 15 U.S.C. § 1666 are denied and the Motions to Dismiss are granted.

**B.   RESPA**

Plaintiffs state that Defendants were in violation of RESPA by not notifying them, at the time of application, that the mortgage loan might be assigned or transferred at some point during the life of the loan.  See 12 U.S.C. § 2605(a).  However, the statute requires that a plaintiff bring an action against a mortgagor within three years of the violation.
///

1  Since Plaintiffs' loan was approved and signed in 2004, they are
2  time-barred from bringing this cause of action against
3  Defendants.  Defendants' Motions to Dismiss are granted as to
4  this cause of action.

**C.   FCRA Claims**

Plaintiffs argue that Defendant Aurora violated various sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq., by failing to "conduct a reasonable investigation of debt it" reported to Plaintiffs' credit profiles, in violation of 15 U.S.C. § 1681s.  (Am. Compl. ¶ 219.)

The FCRA was enacted to ensure the accuracy and fairness of credit reporting.  15 U.S.C. § 1681(a).  Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit."  Id. § 1681(b).  FCRA § 1681s states that companies shall not furnish information about a consumer to a credit reporting agency if they have reason to know, or know, the information is false.  Id. § 1681s-2(a-b).  However, the FCRA additionally requires that a plaintiff plead violations of the statute within two years of the date of discovery, or within five years of the date "on which the violation that is the basis for such liability occurs."  Id. § 1681p.

///
///
///
///

8

1 Plaintiffs state that they received a call from an Aurora
2 representative "admitting the mistake and claiming that ALS would
3 be notifying CRA's to that effect." Plaintiffs further listed
4 several examples when they were denied credit in their Amended
5 Complaint. However, there are no facts present that indicate
6 that Defendants alone furnished the information that negatively
7 impacted Plaintiffs' credit, or that any information they did
8 submit was false, or that Defendants knew or believed was false
9 at the time they submitted it.[6] In addition, the facts as pled
10 neglect to provide the Court with sufficient information to
11 determine whether the allegations comport with the FCRA's
12 statutes of limitations. Therefore, Plaintiffs have not provided
13 sufficient information to hold Aurora liable under the FCRA, and
14 Defendant Aurora's Motion to Dismiss Plaintiffs' FCRA claim is
15 GRANTED.

**D. FDCPA Claims**

Plaintiffs do not specifically assert violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (2010), but pray for relief under the statute. (See Am. Compl. at 42.) As such, the statute's application to Plaintiffs' claims are addressed here.

///
///
///

---

[6] A myriad of factors can affect a credit rating, including, for example, repeatedly applying for a home loan modification.

9

1    The FDCPA, by and large, regulates debt collectors.
2 15 U.S.C. §§ 1692(e)-(f). The term "debt collector" is defined
3 as "any person who uses any instrumentality...in any business the
4 principal purpose of which is the collection of any debts." Id.
5 § 1692(a)(6)(a). The definition excludes any person who collects
6 debt "to the extent such activity...(i) concerns a debt which was
7 originated by such person; or (ii) concerns a debt which was not
8 in default at the time it was obtained by such person." Id.
9 § 1692(a)(6)(f). As a result, the FDCPA does not extend to cover
10 the "consumer's creditors, a mortgage servicing company, or any
11 asignee of the debt, so long as the debt was not in default at
12 the time it was assigned." Nool v. HomeQ Servicing, 653 F. Supp.
13 2d 1047, 1053 (E.D. Cal. 2009) (quoting Perry v. Stewart Title
14 Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).
15    Here, Plaintiffs fail to provide any substantive facts
16 demonstrating that either CMG or Aurora engage in activity that
17 meets the definition of "debt collection" under the statute.
18 Moreover, it is well established in the Eastern District of
19 California that a mortgage servicer is not considered a "debt
20 collector," and foreclosure proceedings are not considered debt
21 collections under the FDCPA. See Angulo v. Countrywide Home
22 Loans, Inc., 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009)
23 ("[C]reditors, mortgagors and mortgage service companies are not
24 debt collectors and are statutorily exempt from liability under
25 the FDCPA."); Miller v. Wells Fargo Home Mortg., 2010 WL 3431802
26 at *7 (E.D. Cal. Aug. 31, 2010)
27 ///
28 ///

("The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of debt."). Therefore, as a loan servicer, neither CMG nor Aurora can be held liable under the FDCPA, and no relief is available to Plaintiffs under the statute.

**C.   Plaintiff's Remaining Causes of Action**

Plaintiffs' federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action. The Court need not address the merits of either Defendant's Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

**CONCLUSION**

For the reasons set forth above, both Defendants CMG and Aurora's Motions to Dismiss Plaintiffs' First Amended Complaint (ECF Nos. 25 and 27, respectively) are GRANTED with leave to amend. Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.

///
///
///
///

11

1  If no amended complaint is filed within said twenty (20)-day
2  period, without further notice, Plaintiffs' claims will be
3  dismissed without leave to amend.
4      IT IS SO ORDERED.

 Dated: December 21, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE