UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KEITH O. HEDMAN and
ADRIALYN V. HEDMAN,

        Plaintiffs,

  v.

AURORA LOAN SERVICES,
et al.,

        Defendants.

No. 2:10-cv-01229-MCE-KJN

MEMORANDUM AND ORDER

Plaintiffs Keith and Adrialyn Hedman ("Plaintiffs") seek redress from Defendants Aurora Loan Services, Quality Loan Service, and CMG Mortgage, Inc. ("Defendants") based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act (the "FDCPA"), among other state causes of action.

///

///

///

1

Presently before the Court are two separate Motions by Defendants Aurora Loan Services ("Aurora") and CMG Mortgage, Inc. ("CMG") to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motions to Dismiss are both granted.

## BACKGROUND[2]

This action stems from a residential mortgage loan on Plaintiffs' property located in the city of Mountain House, San Joaquin County, California.  In 2004, Plaintiffs entered into a mortgage loan for the home with Defendant CMG. At some point after Plaintiffs financed their mortgage, CMG assigned this loan to Aurora.[3]  Plaintiffs made timely payments to Aurora for several years.

Beginning in March 2008, Plaintiffs attempted to modify the terms of their loan with Aurora.  Aurora initially denied their application and request to modify the loan, though later approved a trial loan modification, whereupon Plaintiffs made timely payments according to the terms of the trial modification.
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

[3] A second loan, also originated by CMG, is attached to Plaintiffs' property, but is maintained by Wells Fargo and is not at issue in the instant case.

2

Despite adhering to the trial loan modification payment schedule, and before the trial period was over, Aurora sent a letter to Plaintiffs explaining that they did not qualify for a permanent mortgage modification because Plaintiffs had failed to verify their income. During this time, Aurora also made several harassing phone calls to Plaintiffs and placed notices on their front door demanding payment. Despite their attempts to cooperate with Aurora, Notices of Default were recorded against Plaintiffs' property on March 11 and March 30, 2010. Plaintiffs do not assert the property was ever foreclosed upon, as the default notices were later rescinded.

In addition, Defendants reported negative information to credit reporting agencies regarding Plaintiffs' supposedly delinquent payments. Plaintiffs complained their credit report was negatively impacted by Defendants' false claims. Plaintiffs received a letter from Defendant Aurora admitting that information reported to the credit agencies was false, and that they were attempting to rectify the problem. However, to date, Plaintiffs' credit is still negatively impacted. Defendant CMG contends that they sold Plaintiffs' loan to Aurora in 2004, and had no further relationship with the loan or Plaintiffs.[4] (CMG Mot. To Dismiss, ECF No. 25, at 3.)

///
///

---

[4] The Court acknowledges Defendant CMG's argument that they should be dismissed from the action since they assigned Plaintiffs' loan to Aurora. However, in light of facts most favorable to Plaintiffs, the Court will assess the merits of Plaintiffs' claims as to all moving Defendants.

3

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (<u>quoting</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> (<u>citing</u> 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests."

4

1   Twombly, 550 U.S. at 555 n.3 (internal citations omitted).
2  A pleading must then contain "only enough facts to state a claim
3  to relief that is plausible on its face." Id. at 570.  If the
4  "plaintiffs...have not nudged their claims across the line from
5  conceivable to plausible, their complaint must be dismissed."
6  Id.
7       Once the court grants a motion to dismiss, they must then
8  decide whether to grant a plaintiff leave to amend.  Rule 15(a)
9  authorizes the court to freely grant leave to amend when there is
10 no "undue delay, bad faith, or dilatory motive on the part of the
11 movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
12 leave to amend is generally only denied when it is clear that the
13 deficiencies of the complaint cannot possibly be cured by an
14 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
15 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
16 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
17 not be dismissed under Rule 12(b)(6) unless it appears beyond
18 doubt that the plaintiff can prove no set of facts in support of
19 his claim which would entitle him to relief.") (internal
20 citations omitted).

## ANALYSIS

   Plaintiffs allege several violations of state and federal
law and requests for relief.  However, the issue before the Court
is not the substance of these various claims, but whether
Plaintiffs have plead enough facts on their federal claims as a
general matter, for any to stand.

While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable legal theory. See supra.

**A.     RESPA**

Plaintiffs state that Defendants were in violation of RESPA by not notifying them, at the time of application, that the mortgage loan might be assigned or transferred at some point during the life of the loan. See 12 U.S.C. § 2605(a). However, the statute requires that a plaintiff bring an action against a mortgagor within three years of the violation. 12 U.S.C. § 2614. As Defendant CMG Mortgage explains, though Plaintiffs insist they never received proper notice of the transfer, they had no trouble properly directing their subsequent mortgage payments to Defendant Aurora. Since Plaintiffs' loan was approved, signed, and transferred in 2004, they are time-barred from bringing this cause of action against Defendants. There is no additional information provided by Plaintiffs in the Second Amended Complaint to nudge the claim past conjecture and cursory allegations. Defendants' Motions to Dismiss are granted as to this cause of action.

///
///
///
///
///
///

**B.    FCRA Claims**

Plaintiffs argue that Defendants Aurora and Quality violated various sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (2010), by failing to "conduct a reasonable investigation of debt it" reported to Plaintiffs' credit profiles, in violation of 15 U.S.C. § 1681s-2(b).  (Am. Compl. ¶ 238.)

The FCRA was enacted to ensure the accuracy and fairness of credit reporting.  15 U.S.C. § 1681(a).  Specifically, the statute is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit."  Id. § 1681(b).  FCRA § 1681s states that companies shall not furnish information about a consumer to a credit reporting agency if they have reason to know, or know, the information is false.  Id. § 1681s-2(a-b). However, even assuming the veracity of Plaintiffs' claims, the liability sections of the FCRA are not applicable to violations of this portion of the statute.  Id. § 1681s-2(c)(1) ("[S]ections 1681n and 1681o of this title do not apply to any violation of - (1) subsection (a) of this section, including any regulations thereunder."). Therefore, Plaintiffs are barred from seeking damages under this section, and Defendants Aurora and Quality's Motion to Dismiss Plaintiffs' FCRA claim is granted.

///
///
///
///

7

1  **C.  FDCPA Claims**

3  Plaintiffs do not specifically assert violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (2010), but pray for relief under the statute. (See Sec. Am. Compl. at 44.) The Court previously granted Defendants' Motion to Dismiss the First Amended Complaint on these grounds. Plaintiffs' Second Amended Complaint lacks any further information regarding their request for relief under the FDCPA. Therefore, the Court refers to its previous Order's analysis (See ECF No. 34 at 9-11), and again, grants the Motions to Dismiss as to this cause of action.

**D.  Plaintiffs' Remaining Causes of Action**

Plaintiffs' federal claims presently dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state causes of action. The Court need not address the merits of either Defendant's Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

///
///
///
///
///
///
///
///

8

**CONCLUSION**

For the reasons set forth above, both Defendants CMG, and Aurora and Quality's Motions to Dismiss Plaintiffs' Complaint (ECF Nos. 36 and 37, respectively) are GRANTED.[5]  Plaintiffs cannot provide any additional information to the Court that support their entitlement to relief.  Therefore the case is dismissed with prejudice.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: March 7, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

9